■ ELMSMERE ASSOCIATES, Appellant-Respondent, v KENNETH GLADSTONE et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered September 28, 1990, after bench trial assessing damages, which awarded plaintiff judgment in the amount of $3,703,189.04 plus certain interest, unanimously modified, on the law and the facts, to the extent of allowing defendants interest on amounts representing management expenses only from April 15, 1980 to October 26, 1983; increasing the amount of such management expenses for which defendants are entitled to credit by $14,250, representing 47.5% of $30,000; increasing the amount of closing costs for which defendants are entitled to credit by $118,750, representing 47.5% of $250,000; and decreasing the amount of such closing costs for which defendants are entitled to credit by 47.5% of the amount of deferred interest paid at closing, representing amounts which were incurred subsequent to February 26, 1981; and the judgment should be otherwise affirmed, without costs.

The appeals from the orders of August 2, 1990 and September 7, 1990 are dismissed as subsumed in the appeal from the final judgment, without costs.

The facts of this matter have been detailed in our decision on a prior appeal (153 AD2d 501, *lv denied and amended* 153 AD2d 821). There, we awarded plaintiff judgment on its first cause of action and remanded for an assessment of damages for breach of contract.

We believe that defendants should have been credited with an additional $250,000, as closing costs, for amounts they expended in obtaining the vacatur of tenants from the premises, as ultimately required by the contract of sale. Additionally, there was sufficient evidence to credit defendants with $30,000 as a management expense for their 1981 payment of a partnership liability. We do not, however, believe defendants should have been credited with the full amount of their payment of deferred interest on the first mortgage, amounting to $502,505.64, as such interest properly represents an operating cost or management expense of the property. We have previously rejected any credit to defendants for those expenses incurred after the purchase of plaintiff's interest in the partnership.

Finally, the assessment court credited defendants with interest from the intermediate date of April 15, 1980, on plaintiff's share of 1979-81 management expenses, for which plaintiff has never made any contribution. In essence, such interest in defendants' favor served as an offset to the interest awarded plaintiff upon its damages of approximately $3.7 million. There is, however, a striking difference between these two types of unpaid obligations. While plaintiff had yet to receive its damages as of the time of the judgment, defendants had not been out-of-pocket for 1979-81 management expenses since they received more than $3.3 million at the October 26, 1983 closing with the CBS-Hines joint venture. In order to achieve a fairer balance, interest upon such management expenses, to be credited to defendants, should be limited to the period April 15, 1980-October 26, 1983. We have reviewed the parties' other contentions and find that they do not warrant any further modifications in the judgment appealed from.

Settle order. Concur—Sullivan, J. P., Carro, Ellerin and Ross, JJ.